# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNY E. MARTIN, | CASE NO. 12cv2292-LAB (JMA) |
| Plaintiff, | **ORDER OF REMAND** |
| vs. | |
| DEPUY ORTHOPAEDICS, INC. et al., | |
| Defendants. | |

Defendants Biomet Orthopedics, LLC and Biomet, Inc. ("Biomet Defendants") removed this action from the Superior Court of California for the County of San Diego on the basis of diversity jurisdiction. The notice of removal admitted one other Defendant, SGF Medical, Inc., was nondiverse from Plaintiff, but argued that its citizenship should be ignored because SGF had not yet been served.

The Court issued an order requiring the Biomet Defendants to show cause why this action should not be remanded (the "OSC"). The OSC pointed out that the presence of a nondiverse Defendant defeats diversity jurisdiction, regardless of whether that Defendant has been served. *See Cucci v. Edwards*, 510 F. Supp. 2d 479, 484 (C.D.Cal., 2007).

The notice of removal also argued SGF had been fraudulently joined. But the OSC, citing the standard for showing fraudulent joinder, pointed out the notice of removal didn't meet it.

The OSC required the Biomet Defendants to file a response showing why the Court has jurisdiction over this action, and why it should not be remanded.

The Biomet Defendants then filed a motion noting that they intended to have this case made part of multidistrict litigation, and asked the Court to wait until the Judicial Panel on Multidistrict Litigation ("MDL Panel" or "Panel") had made its decision regarding transfer. The Court denied the request, and ordered the Biomet Defendants to file their response, which they did on January 4, 2013 (the "Response").

**Discussion**

"The burden of establishing federal jurisdiction is upon the party seeking removal . . . and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194–95 (9th Cir. 1988) (internal citations omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

The Response briefly reiterates the Biomet Defendants' fraudulent joinder theory. This was already addressed in the OSC. However, it primarily raises a new theory, procedural misjoinder. The Response argues that Plaintiff improperly joined two causes of action, the "Biomet Claims" and the "DePuy Claims" into one suit. If the two sets of claims are severed, the parties to the Biomet Claims are completely diverse. The Response argues that the claims should be severed, that the DePuy Claims should be remanded, and that the Biomet Claims should be permitted to become part of the multidistrict litigation.[1]

The Response initially argues that the MDL Panel "has already recognized that the DePuy claims and Biomet claims should be severed and handled separately," based on the Panel's own decision to sever the claims and make them part of different MDL proceedings.

---

[1] As an alternative, the Biomet Defendants ask the Court to allow the case to be transferred so that the transferee court can address the issue. This second alternative is unacceptable for two reasons. First, federal courts are required to examine notices of removal promptly, 28 U.S.C. § 1446(c)(4), and to remand actions were jurisdiction is lacking. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); 28 U.S.C. § 1447(c). Secondly, there is no efficiency to be gained by transferring the case with this issue still unresolved. The transferee court would be faced with an issue peculiar to this one member action. That court would be in no better position to address the issue than this Court is, and having to deal with that preliminary issue would be a distraction and delay pretrial proceedings for all other member cases.

(Response, 1:14–20.) They did not cite or attach the orders making these determinations, nor did they provide the date of the decision, nor has the Court located such an order.[2] But assuming the Panel adjudicated such a question, the question before it in all likelihood was not procedural misjoinder. Rather, the question was probably whether the claims would be more efficiently tried together, at least for some phase of the litigation. *See In re: Biomet M2a Magnum Hip Implants Products Liability Litigation*, ___ F. Supp. 2d ___, 2012 WL 4753360, slip op. at *2 (U.S.Jud.Pan.Mult.Lit., Oct 20, 2012) (determining that actions against Biomet share factual questions, that consolidation would avoid duplicative discovery, and that many witnesses and documents were located in the Northern District of Indiana; and for those reasons transferring cases to that district). The question of procedural misjoinder is different.

The doctrine of procedural misjoinder, sometimes called egregious misjoinder, was adopted by the Eleventh Circuit, in *Tapscott v. MS Dealer Serv. Corp.*, 77 F3d 1353 (11th Cir. 1996). It involves a diverse defendant joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability, and where the claims between the diverse and nondiverse defendants have "no real connection." *Id*. at 1360.

Since then, neither the Ninth Circuit nor any other circuit has adopted it. The Ninth Circuit has acknowledged the doctrine, without adopting, approving, or applying it. *California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed. Appx. 727, 729 (9th Cir. 2001) ("For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs.") The Fifth seems to have expressed some approval in dicta. *See Constance v. Austral Oil Exploration Co., Inc.*, 2013 WL 495781, slip op. at *5 (W.D.La., Feb. 6, 2013) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002)). Several district courts have accepted it. *See Constance* at *5. (citing district court cases within the Fifth Circuit); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D.Cal., 2008) (applying doctrine in multidistrict litigation

---

[2] It may be that the Biomet Defendants were relying on the fact that Biomet claims and DePuy claims were consolidated into two separate MDL actions. But that, by itself, is not the same as severance. In any case, it is the Biomet Defendants' burden, as the removing parties, to demonstrate jurisdiction. *See Emrich*, 846 F.2d at 1194–95.

context); *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2007 WL 2572048 (D.Minn. 2008). Others have rejected it. *See, e.g., Lujan v. Girardi/Keese*, 2009 WL 2567302, slip op. at *8 (D.Guam, Aug. 18, 2009) (expressing reluctance to adopt the doctrine); *Robinson v. Ortho-McNeil Pharmaceutical, Inc.*, 533 F. Supp. 2d 838, 42 (S.D.Ill., 2008) (refusing to adopt the doctrine); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126 (E.D.Cal., 2004).

The greatest number of cases take the same approach the Ninth Circuit did in *California Dump Truck Owners Ass'n*, that of assuming, *arguendo*, it is viable. *Tapscott* addressed a situation where defendants were joined under Fed. R. Civ. P. 20, and it held that the "attempt to join these parties is so egregious as to constitute fraudulent joinder." 77 F.3d at 1360. Where the claimed misjoinder was not egregious, or where there was no resort to Rule 20, courts have not applied *Tapscott*'s reasoning. *See, e.g., Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D.Cal., 2003) (refusing to apply *Tapscott*'s reasoning where a plaintiff brought causes of actions against different defendants without resort to Rule 20 and where there was no evidence claims were so unrelated as to constitute egregious misjoinder).

The situation here is analogous to that faced by the Northern District of California in *Brazina*. Here, Plaintiff Denny Martin filed suit in state court seeking damages for injuries to himself only. The complaint alleges he was implanted with two different hip replacement systems, one manufactured by DePuy, replacing his left hip; and about a year later, another maufactured by Biomet, replacing his right hip. (Compl., ¶¶ 41, 42.) He alleges both hip replacements, because of design or manufacturing defects, began to wear and corrode, releasing excessive amounts of cobalt and chromium into his body, causing metallosis and requiring surgery to remove the products.

Even assuming Martin had relied on Fed. R. Civ. P. 20, these claims are not improperly joined. According to the complaint, both devices released excessive amounts of cobalt and chromium into Martin's body, harming him. In this respect, joinder is proper under either Rule 20(a)(2)(A), because his claims arose out of the same series of transactions or

occurrences (hip replacement surgeries, ensuing metallosis, and surgical removal of the implants), or under Rule 20(a)(2)(B), because there were questions of law and fact common to all Defendants. for example, the question of whether cobalt and chromium released by the devices harmed Martin is common to SGF and all other Defendants. Joinder is logical here, because each group of Defendants would likely argue that any release of chromium and cobalt was caused by the other group's device. Even assuming the procedural misjoinder doctrine is valid, it would not apply here.

Because the nondiverse Defendant SGF is not fraudulently joined, or, procedurally or egregiously misjoined, diversity is defeated. There being no other basis for this Court's exercise of jurisdiction over this case, it must be remanded. 28 U.S.C. § 1447(c).  Remand is required regardless of how convenient or efficient the Biomet Defendants believe multidistrict litigation might be. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257–58 (9th Cir. 1997) (holding that, where subject matter jurisdiction is lacking, remand is mandatory and a district court errs by failing to failing to remand).

This action is therefore **REMANDED** to the Superior Court of California for the County of San Diego, from which it was removed. All pending motions are **DENIED AS MOOT** and all pending dates are **VACATED**.

**IT IS SO ORDERED**.

DATED: February 15, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge